IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-235 |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

## ORDER

Frank Rivera presently is incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. Rivera alleges a "pervasive pattern or practice of abuses or ill-treatments" while incarcerated that, in his view, amount to violations of his rights under the First, Eighth and Fourteenth Amendments to the Constitution (Doc. 3, p. 8). The Complaint is 59 pages long. Plaintiff recently filed "Exhibits" that are an additional 311 pages in length (Doc. 6). Rivera asks to have counsel appointed to represent him, and also seeks an order directing the Department of Corrections to provide him free coping services (Doc. 5).

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(d) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The Tabron Court acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id., at 157 n.7. The Court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id., at 156. The Court of Appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the

ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id., at 157.

The Court of Appeals also announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id., at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

A review of Rivera's complaint in light of the factors announced in Tabron reveals the following:

(1) the particular legal issues, although numerous, are not difficult, and there is no indication that Rivera is incapable of presenting and arguing the merits of his claims;

(2) the necessary factual investigation can be adequately pursued by Rivera;

(3) there is no apparent problem confronting Rivera in pursuit of his claims;

(4) Rivera's claims do not appear to require extensive or complicated discovery, as he has already collected extensive documentary evidence;

(5) some of the claims in this case likely will turn on credibility determinations; and,

(6) there is no indication at this point that the case will require testimony from expert witnesses.

Only one of the factors discussed above weighs in favor of appointing counsel, factor (5), and that only slightly.  Rivera's request for the appointment of counsel (Doc. 5), therefore, is DENIED.

Turning to Rivera's request that the Department of Corrections be ordered to provide him with free copying, it should first be noted that Rivera has had no apparent difficulty filing a 59-page Complaint, and 311 pages of photocopied Exhibits.  Plaintiff's claim that he needs free photocopying to proceed with this lawsuit is baseless.  Further, prisoners do not possess a right to free photocopying for use in lawsuits, and the denial of free photocopying by a prison is not a constitutional violation.  Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991);  Harrell v. Keohand, 621 F.2d 1059, 1061 (10th Cir. 1980).  It was Rivera's choice to file a lengthy complaint against a host of Defendants.  Petitioner will be given ample time to either obtain the needed photocopies, or to produce the necessary documents by some other means.  See, e.g., Holt v. Werholtz, 185 Fed.Appx. 737 (10th Cir. 2006) (prison photocopy restrictions did not deny prisoner access to courts where prisoner could produce necessary copies of complaint by hand). Rivera's "Motion to Compel Prison Authority to Provide Photocopying for an Indigent Class" (Doc. 5), therefore, is DENIED.

IT IS FURTHER ORDERED that the parties are allowed until March 18, 2010 to appeal this order to a district judge pursuant to Rule72.C.2 of the Local Rules for Magistrates.  Failure to timely appeal may constitute waiver of the right to appeal.

March 3, 2010                                                                s/Cathy Bissoon
                                                                                      CATHY BISSOON
                                                                                      UNITED STATE MAGISTRATE JUDGE

**Cc:**
FRANK RIVERA
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370