IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-235 |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | Judge McVerry |
| CORRECTIONS, *et al.*, | ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that the DOC Defendants' motion to dismiss (Doc. 42) be denied. It is further recommended that Defendant Hice's motion to dismiss (Doc. 45) be denied.

### II. REPORT

Plaintiff Frank Rivera ("Plaintiff") presently is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), located in Waynesburg, Pennsylvania. This lawsuit, which is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, commenced with the receipt of the complaint by this Court on February 18, 2010. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on February 19, 2010. (Doc. 2). In his complaint, Plaintiff alleges multiple deprivations of his rights under the United States Constitution by a litany of Defendants. See (Doc. 3).

On November 1, 2010, Defendants Beard, Eagle, Gifford, Keller, Nelson, Quattro, Smith, Treece, Tyler, Davis, Folino, Meighen, McAnany, Capozza, Dice, Pennsylvania Department Of Corrections, Price, Chapman, Varner, and Vihlidal ("DOC Defendants") filed a motion to

dismiss Plaintiff's complaint, arguing that the grant of permission to proceed IFP was barred under 28 U.S.C. § 1915(g). DOC Defendants further argue that the complaint contains no allegation of imminent physical injury, which would provide an exception allowing a complaint of a Plaintiff who had fallen afoul of subsection (g) to proceed IFP. On November 2, 2010, Defendant Hice filed a motion to dismiss (Doc. 45), and advanced arguments in support thereof that were substantially the same as those raised by the DOC Defendants. See Def. Hice's Br. in Supp. of Mot. to Dismiss (Doc. 46).

Under the Prisoner Litigation Reform Act of 1996 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), Congress created the so-called "three-strikes rule," which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended). As is apparent from the plain language of the statute, under this rule a prisoner who, on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical harm. Piskanin v. Pennsylvania Dept. of Corrections, No. 09-322J, 2010 WL 3834845, at *1 (W.D.Pa. Aug. 17, 2010).

Analysis under the "three-strikes rule" of § 1915(g) must be made at the time of commencement of the action. Lopez v. U.S. Dept. of Justice, 228 Fed.Appx. 218, 219 (2007) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001)). "[O]nly the strikes

2

actually earned up to that time are relevant. The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns a third strike." Lopez, 228 Fed.Appx. at 219. Additionally, "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." Id. at 218.

Defendants argue that Plaintiff has incurred "strikes" due to the manner of dismissal of the following cases. The first is Rivera v. Sobina *et al.*, Civil Action No. 02-296 (W.D.Pa.) in which the district court dismissed Plaintiff's complaint on June 25, 2003, for failing to state a claim on which relief could be granted. See Ex. A to Def. Hice's Br. in Supp. of Mot. to Dismiss (Doc. 46-1). The second is Rivera v. Sobina *et al.*, Civil No. 03-2993, in which the Court of Appeals for the Third Circuit dismissed Plaintiff's appeal from the judgment of the district court in the above civil action pursuant to 28 U.S.C.§ 1915(e)(2)(B). See Ex. B to Def. Hice's Br. in Supp. of Mot. to Dismiss (Doc. 46-2). The Court of Appeals entered judgment on March 3, 2004, and issued this mandate in this case on March 25, 2004. Id. These two cases clearly qualify as "strikes" under § 1915(g), and were incurred by Plaintiff well before the filing of his Complaint in the case *sub judice*.

Defendants next rely on the Order of this Court dismissing Rivera v. Pennsylvania Department of Corrections, *et al.*, Civil Action No. 09-1009 (W.D.Pa.), which was filed on January 22, 2010. See Ex. C to Def. Hice's Br. in Supp. of Mot. to Dismiss (Doc. 46-3). Plaintiff appealed this decision, and the judgment of this Court was affirmed by the Court of Appeals for the Third Circuit in Rivera v. Pennsylvania Dept. of Corrections, *et al.*, Civil No. 10-1453, on July 19, 2010 – well after Plaintiff filed the case *sub judice*. See Ex. D to Def. Hice's Br. in Supp. of Mot. to Dismiss (Doc. 46-4). As the judgment of this Court was subject to a

timely appeal at the time that Plaintiff filed the instant lawsuit, neither of these dismissals can qualify as "strikes" under § 1915(g) with respect to the instant lawsuit.

Finally, Defendants cite to Rivera v. Pennsylvania Dept. of Corrections, *et al*., Civil Action No. 08-1023 (W.D.Pa.), which was dismissed in its entirety on October 21, 2009. See Ex. E to Def. Hice's Br. in Supp. of Mot. to Dismiss (Doc. 46-5). An examination of the docket in this case indicates that a timely notice of appeal was filed on December 7, 2009, and that this appeal is still pending before the Court of Appeals for the Third Circuit. Consequently, Plaintiff has so far incurred no "strike" under § 1915(g) from the dismissal of this case.

An examination of Defendants' arguments, in light of the case law interpreting the statutory provisions on which Defendants rely, clearly shows that Plaintiff had only two strikes against him when he commenced the current civil action. Revocation of the grant of Plaintiff's motion to proceed IFP (Doc. 1) for subsequent strikes would be improper. Consequently, Defendants' arguments in their motions to dismiss are meritless, and these motions should be denied.

### III. **CONCLUSION**

For the reasons stated above, it is respectfully recommended that the DOC Defendants' motion to dismiss (Doc. 42) be denied. It is further recommended that Defendant Hice's motion to dismiss (Doc. 45) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by November 19, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

4

November 5, 2010                                s/Cathy Bissoon
                                                CATHY BISSOON
                                                UNITED STATES MAGISTRATE JUDGE

**Cc:**
FRANK RIVERA
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370